## Carole S. Rodrigue v. Roland Biron v. Elmer Young

[510 A.2d 1321]

No. 84-490

Present: **Allen, C.J., Hill, Peck and Hayes, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed April 18, 1986

*Richard A. Axelrod* and *Steven A. Adler* of *Gensburg & Axelrod*, St. Johnsbury, for Plaintiff-Appellant.

*May, Davies & Franco*, Barton, for Defendant-Appellee Biron.

**Allen, C.J.** The plaintiff initiated this action against defendant Biron seeking to recover livestock which were conveyed by third-party defendant Young to Biron, or the value thereof. The plaintiff obtained an ex parte writ of attachment of the personal property of Young in another action brought against Young in which she sought her share of partnership assets. The writ of attachment was duly recorded in the town clerk's office where Young resided. Thereafter Young conveyed the livestock to Biron. The trial court concluded that the levy on the goods of Young was insufficient and ineffective as against Biron, and dismissed the complaint. The order is affirmed.

The writ commanded the attachment of "the goods or estate" of Young "to the value of $80,000." The officer's return states that he made service of the writ of attachment by delivery to the town clerk. Neither the writ of attachment nor the officer's return contained or had appended to it a list or description of the goods or estate attached.

■ ■ Rather than take personal property into possession upon a writ of attachment, the serving officer may lodge a copy of the writ, with his return, in the office proper for the filing of a financing statement. 12 V.S.A. § 3251. He is also required "to make due return of the writ with his doings thereon." V.R.C.P.

4.1(c). Where an attachment is made by filing, the property attached must be described with reasonable certainty in the return or in an inventory annexed thereto, and must be sufficiently identified to inform the defendant and those with whom he may deal that the property is attached. *Humphrey* v. *Wheeler*, 92 Vt. 47, 49, 101 A. 1018, 1018 (1918); *Pond* v. *Baker*, 55 Vt. 400, 402 (1883). The officer is further required to serve upon the defendant a list of all goods and chattels attached when the copy of the writ is served upon him. V.R.C.P. 4.1(d).

■ The return of service here did not purport to attach any of Young's property. It simply indicated service by delivery of the writ of attachment to the town clerk. The return was thus defective, and the attempt to attach was wholly inoperative and created no valid lien. *Keniston* v. *Stevens*, 66 Vt. 351, 354, 29 A. 312, 313 (1894); *Paul* v. *Burton*, 32 Vt. 148, 157 (1859).

■ Appellant argues that the use of Official Form 2 V.R.C.P. created a valid and enforceable attachment, and that because there is no place for a description of the property to be attached on the form, a description is unnecessary. The rule contemplates that a list of goods and chattels attached shall be incorporated in or appended to the writ. V.R.C.P. 4.1(d) (Supp. 1985).

The deficiency here was not in the form of the writ, but in the failure to sufficiently describe the goods and estate attached in the return.

*Affirmed.*