### Marilyn L. Spaulding v. John G. Cahill and Janet A. Cahill

[514 A.2d 714]

No. 84-046

Present: **Allen, C.J., Hill, Peck and Gibson, JJ.**

Opinion Filed July 18, 1986

*Robert P. Gerety, Jr.*, of *Plante, Richards, Terino & Hanley, P.C.*, White River Junction, for Plaintiff-Appellee.

*Robert J. O'Donnell*, Woodstock, for Defendants-Appellants.

**Per Curiam.** Defendants, John and Janet Cahill, appeal from an order of the superior court denying their motion for dissolution of plaintiff's writ of attachment. We reverse.

On January 11, 1983, the superior court entered an order providing that plaintiff shall recover from defendants the principal sum of $5,000 together with interests and costs. On March 11, 1983, plaintiff filed for a writ of attachment to secure property that could satisfy her judgment. The court held a hearing on the matter, and on March 29, 1983, denied plaintiff's motion. One month later, plaintiff moved for reconsideration, alleging that defendants had entered into negotiations to sell real property located in Vermont. She further alleged that if the order for attachment did not issue forthwith, there would not be sufficient attachable property left in the jurisdiction to satisfy her judgment. This time the court granted plaintiff's request. By its order, the court ruled that the attachment would be effective for one week only, at which time a further hearing would be held.

Plaintiff's attorney served copies of the writ of attachment and order of approval, along with a description of the property, directly upon defendants' attorney. See V.R.C.P. 4.1(d) (Supp. 1985) ("When a copy of any writ of attachment is served upon the defendant, a list of all goods and chattels attached and a description of all real estate attached shall be incorporated in or appended to such copy."). He did not, however, establish on the record that he complied with 12 V.S.A. § 3291, mandating that "a true and attested copy of the attachment, with a description of the estate so attached [be filed] in the office where by law a deed of that estate is required to be recorded."

On May 13, 1983, the court held a final hearing, at which time it issued a new writ of attachment and order of approval permitting plaintiff to attach whatever property may be found of either or both defendants until further order of the court. A local constable served a copy of the writ on the town clerk in the town in which the property was located, making "due return of the writ with his doings thereon" in accordance with V.R.C.P. 4.1(c) (Supp. 1985) and 12 V.S.A. § 3291. Neither the writ of attachment, nor the officer's return, however, contained a description of the property purportedly attached.

Defendants moved for dissolution, alleging that the writ was defective. They further alleged that they had no attachable interest in the property reached. We do not address the merits of this

second contention as we believe that plaintiff's procedural failings require us to dissolve the writ.

In *Rodrique* v. *Biron,* 147 Vt. 90, 92, 510 A.2d 1321, 1322 (1986) (citations omitted), this Court recently reaffirmed the principle that "[w]here an attachment is made by filing, the property attached must be described with reasonable certainty in the return or in an inventory annexed thereto, and must be sufficiently identified to inform the defendant and those with whom he may deal that the property is attached." While this requirement is "[i]ndependent of statutory regulation," *Pond* v. *Baker,* 55 Vt. 400, 402 (1883), it has been expressly set forth in the statute prescribing the manner in which a lien, by attachment, can be acquired on real estate. See 12 V.S.A. § 3291.

The return here is similar to the return at issue in *Rodrique.* It indicated service by delivery to the town clerk. The writ itself simply commanded the sheriff or constable "to attach the property of [defendants] to the value of $7,095.75 to be held to satisfy any judgment for damages and costs that may be recovered by plaintiff." As previously noted, neither the writ nor the return described the property attached.

Plaintiff contends that her procedural failings should not be held to invalidate her lien as defendants only owned one parcel of real estate in the town where the writ was filed, and it was thus clear what property had been attached. She also points out that she served on defendants a description of the property attached by the first writ of attachment issued by the court. We cannot agree.

The writ here did not even describe the property attached as being real estate as opposed to personal property owned by defendants. Although defendants may have had actual notice as to what property plaintiff intended to attach, such notice cannot be held to be effective as to third parties with whom defendants may have dealings. In short, plaintiff failed to substantially comply with the statutory requisites for an effective attachment, and defendants' motion for dissolution should have been granted. See *Cox* v. *Johns,* 12 Vt. 65, 67 (1840) ("The statute has prescribed the manner in which a *lien,* by attachment, can be acquired on real estate, and it must appear, affirmatively, that it has been

substantially complied with.") (emphasis in original).

*Reversed.*