**In re Richard J. SHULER, Debtor.**

**Bankruptcy No. 89–00170.**

United States Bankruptcy Court,
D. Vermont.

June 27, 1990.

R. Miller, Downs, Racklin & Martin, Burlington, Vt., for K.C. Ashline (Ashline).

M. Wiener, Wiener, Olenick, Amis & Bothfield, Burlington, Vt., for R.J. Shuler (debtor).

## ORDER DENYING OBJECTION TO EXEMPTION

FRANCIS G. CONRAD, Bankruptcy Judge.

This contested matter [1] is before us on Ashline's objection to Debtor's claimed homestead exemption in proceeds of a promissory note originally made payable to Debtor from J.T. Martell (Martell). Ashline claims a State Court trustee process judgment against Martell divested Debtor of any interest in the note. We hold the note is property of the estate and not subject to any interest or lien of Ashline because Ashline failed to obtain the required execution on the trustee process judgment.

On June 21, 1989, Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. In Schedule B–4 of Debtor's petition a second mortgage from Martell was listed as being available to fund a $7,000 "wild card" exemption. 12 Vt.Stat.Ann. § 2740(7).[2] Debtor did not list as an estate asset Martell's promissory note to Debtor in the amount of $25,000, plus interest.

After hearing, the parties agreed the matter could be submitted on briefs. Although no stipulation of facts was filed we

---

**1.** We have subject matter jurisdiction under 28 U.S.C. § 1334(b) and the general reference to this Court under VLBR 7012, Part V of the District Court Rules for the District of Vermont. This contested matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (K), (O). This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. Rule 52 as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7052.

**2.** 12 Vt.Stat.Ann. § 2740(7), **Goods and chattels; exemptions from attachment and execution,** provides:

The goods or chattels of a debtor may be taken and sold on execution, except the following articles, which shall be exempt from attachment and execution, unless turned out to the officer to be taken on the attachment or execution, by the debtor:

(7) the debtor's aggregate interest in any property, not to exceed $400.00 in value, plus up to $7,000.00 of any unused amount of the exemptions provided under subdivisions (2), (4), (5) and (6) of this subsection....

are able to ascertain the salient facts necessary for a determination from the parties' briefs and pleadings.

The objection springs from the Bankruptcy Code and is coiled in a lawsuit filed by Ashline against Debtor to recover damages for Debtor's default on a $130,000 promissory note running to Ashline. *Karl C. Ashline v. Richard J. Shuler*, Chittenden Superior Court, Docket No. S1249–87 CnC.

Accompanying the State Court action, Ashline moved for, and obtained trustee process on all goods, credits, and effects of Debtor held by Martell. Ashline received a pre-judgment Order for trustee process against Martell.

Although represented by counsel Debtor did not file an answer to Ashline's complaint. Ashline moved for, and received, a default judgment for $140,748.98, plus interest, attorney's fees, and costs. This judgment is recorded properly in the Burlington City Clerk's Office, but it was never personally served on Debtor.

Before the default judgment was issued the Superior Court issued an Order of approval and summons to the trustee for Martell that was served on Martell. Following Vermont's Civil Procedure, Martell filed his trustee disclosure under oath in which two promissory notes were listed as personal property owing to Debtor. The first note, dated May 11, 1987, was a demand note in the amount of $2,500. The second note, also dated May 11, 1987, was a $25,000 installment promissory note. The first payment under this second note is not due until June 1, 1992.

After the default judgment was entered, Ashline filed a motion for the determination of amounts owing on the trustee process judgment against Martell. At or about the same time, Martell brought a separate civil action against Debtor alleging that the debt due Debtor, as evidenced by the notes, was offset in whole or in part by certain agreements between Debtor and Martell. *John T. Martell v. Richard J. Shuler*, Chittenden Superior Court Docket No. S429–88 CnC. We are not sure if Martell was exercising his rights as a trustee under 12 Vt.Stat.Ann. § 3078 or whether this was a separate declaratory judgment action. Our decision is based on post-judgment activities or lack thereof of Ashline, and therefore, we don't believe this last factual distinction is significant.

The Superior Court consolidated the two actions and held a non-jury trial. Debtor, represented by counsel, testified at the hearing about the notes in question. On August 9, 1988, the Superior Court filed an Opinion and Order in which it determined that the two notes were payable in full by Martell and directly to Ashline. This Opinion and Order was not appealed.

Martell paid Ashline the proceeds of the $2,500 note but has not acknowledged any payment on the second note. Martell and Ashline have since agreed to place an amount of money equal to the amount of the second note's principal plus accrued interest in escrow pending our ruling on Ashline's objection to the claimed exemption.

By the objection Ashline seeks an order from us holding that the claimed exemption may not be funded by the proceeds of the Martell note because, in Ashline's view, the Superior Court Order against Martell extinguished any interest Debtor had in the note. Debtor does not dispute the judgment. Debtor points out, however, that prior to any property being taken to satisfy the trustee process judgment it must be preceded by an execution. No post-judgment execution took place in this matter.

Within the Ashline/Debtor State Court case Ashline started a trustee action against Martell. Martell, however, initiated his own separate civil action to determine the amount Martell owed Debtor. The Order signed by the Superior Court Judge makes a finding that because of the conduct of Debtor and Martell during the transaction out of which the promissory note arose, and a merger at closing, all differences between Martell and Debtor were reconciled. We interpret this to mean Martell owed Debtor the full amount on the promissory note.

After the above finding, the Superior Court Judge then entered an opinion and

order in favor of Ashline and against Martell who was directed to pay Ashline according to the note in question. This opinion and order was not appealed.

The first payment on the note in question is not due until June 1, 1992. We interpret the State Court's opinion and order that "Martell ... shall pay Ashline according to the note in question" as the requisite finding required by 12 Vt.Stat.Ann. § 3078.[3]

Ashline argues that the judgment it obtained against Martell was enough to vest the note in Ashline and to wrest it away from Debtor. Hence, on bankruptcy day it was not property of the estate. We disagree.

We have several reasons for our disagreement with Ashline's position. Any of them support our placement of the promissory note at issue in the bankruptcy estate under 11 U.S.C. § 541(a).[4]

 First, in every action to enforce a judgment in Vermont, unless a Court directs otherwise, a writ of execution must issue. V.R.Civ.P. 69.[5] Rule 69 makes no exception for trustee process actions. Thus, we conclude an execution must issue to enforce a trustee process judgment. The execution may issue directly or derivatively from the judgment debtor's execution. The rule, although not cross-refer-

enced to a statute, appears to derive from 12 Vt.Stat.Ann. § 3080 which states:

> When a person is adjudged a trustee on account of money due the defendant at the time judgment is rendered, the court shall determine the amount which the trustee shall pay on such judgment, and *execution* may issue directly against the goods, chattels or estate of the trustee for the same. When execution issues against the defendant, the amount of the judgment against the trustee shall be certified thereon.

Id., (emphasis ours). This section provides for alternative writs of execution against the trustee, that is, against either the trustee directly or by certification on the defendant's execution, but it nevertheless provides for some form of execution. See, *Spring v. Ayer*, 23 Vt. 516 (1851), which held that a trustee is liable in execution only for the residue of judgment against defendant if previous satisfaction of the debt had been received from the judgment plaintiff. Moreover, it is only after execution that the judgment against the trustee is discharged of demands by defendant for goods, effects, or credits taken by force of the judgment from the trustee. 12 Vt.Stat. Ann. § 3081.[6]

Although not directly applicable to the

---

**3.** 12 Vt.Stat.Ann. § 3078, **Judgment on money demands—Amount; when payable,** provides:

> When a person is adjudged trustee on account of money due to the defendant at a future day, the court shall determine the amount which the trustee shall pay on the judgment and the time when the same shall be paid.

**4.** 11 U.S.C. § 541(a) provides:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such an estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

**5.** V.R.Civ.P. Rule 69, **Execution,** provides in pertinent part:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise.... In ad-

dition to the procedure on execution, in proceedings on and in aid of execution, as provided by law, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery any person, including the judgment debtor, in the manner provided in these rules.

> Executions shall be made returnable within sixty days from the date thereof. Executions may be issued so long as the judgment remains unsatisfied, but not after eight years from the date of rendition of the judgment....

**6.** 12 Vt.Stat.Ann. § 3081, **Judgment against trustee; effect on defendant's demand,** provides:

> The judgment against a person as trustee shall discharge him from demands by the defendant for goods, effects and credits paid, delivered or accounted for by the trustee, by force of the judgment; and if he is afterwards sued therefor by the defendant or his representatives, judgment shall constitute a defense.

facts at issue, 12 Vt.Stat.Ann. § 3121[7] also supports our holding that an execution is necessary to enforce a trustee process because this section requires delivery of the personal property held by the trustee "to the officer who holds the execution." 12 Vt.Stat.Ann. § 3121.[8]

Our holding is also supported by common sense. If we were to hold, as Ashline requests, that Ashline's judgment without more, was sufficient to transfer Debtor's interest in the promissory note, we would be requiring less final procedural due process for a debtor's personal property in a trustee's hands then in the personal possession of the debtor. Moreover, the possibility of Debtor paying the judgment prior to the due date of the note would place Ashline in the position of owing Debtor the amount due on the note. This is an anomalous position at best.

Our second reason for holding that the promissory note is property of the estate is not easily articulated. A trustee process judgment does not transfer title. Nor in the absence of an execution, does it destroy, transfer, or alienate the debtor's interest. It does prevent the trustee from disposing or encumbering the property, provided the proper procedure is followed.

Under Vermont Law there are two ways to acquire a lien on personal property upon a final judgment,[9] by possession or filing. Possession is not at issue here. When personal property is attached or executed upon, "the officer serving such process may lodge a copy of the same, with his [her] return, in the office or offices proper for the filing of a financing statement to perfect a security interest in such property under 9A Vt.Stat.Ann. § 9–401. Such lodgment shall hold the property against all subsequent sales, attachments or executions as if it had been actually removed and

taken into possession of the officer. . . ." 12 Vt.Stat.Ann. § 3251. Section 3251 provides the analogous lien on personal property that § 2904 provides on real property, although the mix of the words attachment and execution in § 3251 may provide some confusion. The difficulty with § 3251 is its placement within Chapter 123 of Title 12, Attachment of Property, its relationship with 12 Vt.Stat.Ann. § 3293, the discharge of attachments and, 9A Vt.Stat.Ann. § 401. We need only discuss, however, the lodgment of the writ of execution under § 3251.

Execution and attachment have different meanings. Execution means the carrying out of some act or course of conduct to its completion. Blacks Law Dictionary, 4th Edition. Whereas attachment, among other meanings, can mean the acquiring of jurisdiction over property seized. Id. We have to assume that the Vermont Legislature intended the plain meaning of words when it places them in a statute, and their use as a named remedy in conjunction with other statutes. Thus, a non-possessory execution on personal property, whether it is against a judgment debtor or a trustee, must be lodged in an office as provided by 9A Vt.Stat.Ann. § 401. We make no holding today whether filings in two offices are required under § 3251 because in the matter before us no office filing was ever completed. Thus, no lien under § 3251 could have arisen in Ashline's favor.

Even if we were to assume that some interest arose in Ashline via the final trustee process against Martell, that interest is incomplete or inchoate, because Ashline did not take the necessary steps to complete the pre-judgment proceedings, namely, the recording of the trustee process final judgment and execution in the proper office. The failure to record, with the lapse of time vitiated any relating back to the pre-judg-

---

**7.** 12 Vt.Stat.Ann. § 3121, **Specific property—Delivery to officer; sale; application of proceeds,** provides:

When a person is charged as trustee process by reason of personal property, other than money, which he holds or is bound to deliver to the defendant, he shall deliver the same, or so much thereof as is necessary, to the officer who holds the execution, and it shall be sold

and the proceeds thereof applied and accounted for as if taken on execution in common form.

**8.** See the annotation to the section which cross-references the section to Chapter 111, Execution.

**9.** Our discussion excludes pre-judgment liens.

ment trustee process. With the intervention of Bankruptcy any potential lien is further severed because an execution would be stayed by the bankruptcy.

 The third reason for holding that the promissory note is property of the estate under § 541(a) is based solely on procedural grounds. Debtor asserts, and Ashline does not dispute, that service of the default judgment against Debtor was never made under V.R.Civ.P. 62(b). The rule specifically requires that as a condition precedent to obtaining a writ of execution on a default judgment, personal service on the defendant or service by mail as provided in V.R.Civ.P. 4(f) must be made. Thus, the State Court judgment which allowed the trustee process, although unappealed, is procedurally defective because it was not final. No valid execution could have issued from it, and accordingly, Debtor's interest in the note is not extinguished.

Lastly, we come to Debtor's claimed exemption. With our holding that the note is property of the estate, we must decide if Debtor has an exemption which may be taken under the Bankruptcy Code. We answer this issue in the affirmative.

All property of the debtor, legal or equitable, becomes property of the estate upon the bankruptcy filing. 11 U.S.C. § 541(a). A debtor may exempt property under § 522(b) and, if a State has not opted out of the Federal bankruptcy scheme, § 522(b), which Vermont has not, chose either the Federal or State exemption. Shuler has chosen Vermont's exemptions under 12 Vt.Stat.Ann. § 2740(7).

Even if we are totally incorrect in our analysis of Vermont law, Debtor is allowed an exemption under 12 Vt.Stat. Ann. § 2740(7) because there is an absence in the record of any indication Debtor's exemptions under 12 Vt.Stat.Ann. § 2740(7) were considered by the Superior Court Judge's order in favor of Ashline against Martell.[10] Thus, we conclude that at a minimum, Debtor's bankruptcy estate in-

cludes $7,000 under the note. We make this finding only for completeness in the event of an appeal, and do not mean to derogate our holding that the $25,000 note is property of the estate, to which no lien attaches and in which Debtor may exempt $7,000.

---

10. Although it is not necessary to our Decision, the failure to consider the exemption also voids

the trustee process judgment against Martell.