**In re Richard J. SHULER, Debtor.**

**Civ. A. No. 90–276.**

United States District Court,
D. Vermont.

July 11, 1991.

Marc E. Wiener, Wiener & Amis, Burlington, Vt., for debtor.

Robert A. Miller, Jr., Downs Rachlin & Martin, Burlington, Vt., for creditor, Karl C. Ashline.

## OPINION AND ORDER

PARKER, District Judge.

Karl C. Ashline appeals an order of the United States Bankruptcy Court, 28 U.S.C. § 158(a), denying Ashline's objection to a certain exemption claimed by Richard J. Shuler in the latter's bankruptcy estate. 117 B.R. 96. This court reverses.

## BACKGROUND

The facts and procedural history are not in dispute. In late 1987, Ashline filed suit in Chittenden Superior Court against Shuler to recover damages for Shuler's default on a $130,000 promissory note running to Ashline. Shortly thereafter, Ashline filed a Motion for Trustee Process on all goods, credits and effects of Shuler held by John T. (Terry) Martell. That motion was granted in January 1988 and a Summons to Trustee was served on Martell. In response, Martell disclosed that he owed Shuler $27,500 as evidenced by two promissory notes, one for $2,500 payable immediately and the second, which is at issue here, in the amount of $25,000 plus interest payable to Shuler beginning June 1, 1992.

Although represented by counsel, Shuler never answered the complaint, and on February 24, 1988, a default judgment was entered in Ashline's favor. On May 11, 1988, Ashline filed a Motion for Determination of Amounts Owing on Judgment by Trustee Martell. See 12 Vt.Stat.Ann. §§ 3078, 3080. At about the same time, Martell brought a separate civil action against Shuler alleging that his debt to Shuler as evidenced by the two notes was offset by certain side agreements between the two men. Ashline's motion and Martell's suit were consolidated in the superior court, and a hearing was held on June 3, 1988, at which Shuler was represented by counsel. On August 9, 1988, the court issued its order as follows: "Judgment is entered in favor of the plaintiff Ashline against the trustee Martell who shall pay Ashline according to the notes in question." No appeal was taken. Martell paid Ashline the proceeds of the $2,500 note.

On June 21, 1989, Shuler filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Vermont. In Schedule B-4 of his petition, Shuler listed property described as "Second Mortgage Terry Martell" as being available to fund the $7000 exemption provided in 12 Vt.Stat.Ann. § 2740(7) (Supp.1990).[1] To protect his in-

---

1. Section 2740 allows debtors in Vermont to retain certain kinds of property. It provides in part:

 The goods or chattels of a debtor may be taken and sold on execution, except the following articles, which shall be exempt from attachment and execution, unless turned out to the officer to be taken on the attachment or execution, by the debtor:

 . . . . .

 (7) the debtor's aggregate interest in any property, not to exceed $400.00 in value, plus up to $7,000.00 of any unused amount of the exemptions provided under subdivisions (1), (2), (4), (5) and (6) of this sub-section.

 The referenced subdivisions exempt a portion of the debtor's interest in, respectively, motor vehicles, professional or trade books and tools, personal jewelry, household furnishings, and crops.

terest in the $25,000 Martell debt, Ashline filed an objection to the claimed exemption to the extent the exemption would be funded by the Martell debt. See 11 U.S.C. § 522(*l*). He contended that he had obtained all rights to the debt by virtue of the superior court's judgment, prior to Shuler's bankruptcy filing, and therefore the debt was not part of Shuler's estate and could not be used to fund the claimed exemption.

By order entered on July 3, 1990, the bankruptcy court denied Ashline's objection. The court determined essentially that, because Ashline never obtained an execution on its judgment under Vermont law, the Martell debt remained property of the Shuler estate available to fund the exemption. This appeal followed.

### DISCUSSION

■ One legal issue is before us: whether the superior court's August 1988 judgment directing Trustee Martell to pay the debt to Ashline according to the terms of the note extinguished Shuler's rights to claim the same proceeds, even though Ashline never obtained a writ of execution to enforce that judgment.

The superior court's actions in this case were taken pursuant to Vermont's statutes on trustee process. The initial attachment of the Martell debts proceeded under 12 Vt.Stat.Ann. § 3018, which provides in part: "Any money or other thing due the defendant may be attached by trustee process before it has become payable, provided it is due absolutely and without contingency." Subsequently, the court conclusively determined who would receive the proceeds when they came due, as authorized by section 3078: "When a person is adjudged trustee on account of money due to the defendant at a future day, the court shall determine the amount which the trustee shall pay on the judgment and the time when the same shall be paid." The court's judgment was neither stayed nor appealed. After August 9, 1988, Shuler no longer had

rights to the indebtedness; Martell was now obligated by the court's unappealed judgment order to pay Ashline, according to the terms of the note, in satisfaction of Ashline's default judgment against Shuler. The statutes further make clear that the judgment against Martell as trustee would constitute a defense to demands by Shuler for credits "accounted for by the trustee." § 3081.[2]

■ In bankruptcy law, the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). State property rights which have been terminated prior to the debtor's petition for relief are not part of the estate. See *Abdelhag v. Pflug*, 82 B.R. 807, 809 (E.D.Va. 1988). Here, Shuler's rights to the Martell debt terminated at the latest in August 1988, some ten months before he filed for bankruptcy protection. Therefore, the Martell debt was not part of Shuler's estate "as of the commencement of the case" and Shuler was not entitled to claim an exemption from the proceeds of the indebtedness.

Execution has no relevance to this matter. Judgments for the payment of money are enforced in Vermont by writs of execution pursuant to Vermont Rule of Civil Procedure 69. Contrary to the bankruptcy court's opinion, however, it is the judgment that determines legal rights in property, see Vt.R.Civ.P. 54; the execution is merely a process to enforce a judgment. "Execution upon a money judgment is the legal process of enforcing the judgment, usually by seizing and selling property of the debtor." Black's Law Dictionary 510 (5th ed. 1979). Ashline could have no reason to seek a writ of execution until the first payment under the promissory note was due, in June 1992. The numerous statutes cited by Shuler pertaining to execution have no bearing on the question of ownership.

These rather unremarkable conclusions find support in old Vermont case law, see

**2.** Of course, any funds not so accounted could be recovered by the debtor once the "person summoned as trustee is discharged." See 12 Vt.Stat.Ann. § 3082. Thus, if Ashline were to satisfy its judgment against Shuler from other sources, Shuler could bring an action against Martell to recover amounts owed.

*Smith v. Stratton*, 56 Vt. 362, 364 (1883) (judgment under precursor to § 3078 "determined the controversy; by it the amount and *status* of the trustees' indebtedness upon said note were judicially ascertained and fixed" (emphasis in original)), as well as recent decisions from other jurisdictions. See *In re Seay*, 97 B.R. 41, 45 (Bkrtcy. D.Colo.1989) (Where state court "determines the debtor has no right to the funds and orders disbursement to the judgment creditor, then debtor's rights are terminated; they are irrevocably severed. At that point, debtor has no right, title, or interest—no ownership—in the garnisheed funds sufficient to give the subsequently created bankruptcy estate any rights to the funds.").

The bankruptcy court found in favor of Shuler on three alternative grounds as well. First, the court held: "Even if we were to assume that some interest arose in Ashline via the final trustee process against Martell, that interest is incomplete or inchoate, because Ashline did not take the necessary steps to complete the pre-judgment proceedings, namely, the recording of the trustee process final judgment and execution in the proper office." Order Denying Objection to Exemption, at 9–10. The court cited to 12 Vt.Stat.Ann. § 3251, which provides in part: "When personal property is taken upon a writ of attachment or execution, the officer serving such process may lodge a copy of the same, with his return, in the office or offices proper for the filing of a financing statement to perfect a security interest in such property under section 9–401 of Title 9A." We are not here concerned, however, with the validity of a pre-judgment writ of attachment, but with the effect of a judgment made after hearing with full participation by the debtor through counsel. Defects in the pre-judgment process, if any existed, might have hindered an attempt by Ashline to prevent Martell from a pre-judgment sale of the attached credits, see *Rodrigue v. Biron*, 147 Vt. 90, 92, 510 A.2d 1321, 1322 (1986), but they would have no effect on the validity of the superior court's August 1988 order.

Second, the bankruptcy court held that the August 1988 order of the superior court was not final because the prior default judgment Ashline had obtained against Shuler was never personally served on Shuler as required by Vermont Rule of Civil Procedure 62(b). That rule provides that "[e]xecution in a personal action shall not issue upon a judgment by default until it has been served on the defendant by personal service or by mail...." Again, the bankruptcy court misunderstood the issue before it: any defects of service relating to the default judgment against Shuler have no bearing on the enforceability of the separate judgment (non-default) against Trustee Martell. Moreover, Rule 62(b) merely stays execution pending proper service on the defendant; the default judgment itself is not rendered invalid.

Lastly, the bankruptcy court stated: "Debtor is allowed an exemption under 12 Vt.Stat.Ann. § 2740(7) [3] because there is an absence in the record of any indication Debtor's exemptions under 12 Vt.Stat.Ann. § 2740(7) were considered by the Superior Court Judge's order in favor of Ashline against Martell." Order Denying Objection to Exemption, at 11. The January 1988 pre-judgment Order of Approval of Trustee Process, however, expressly ordered attachment only of non-exempt goods, effects and credits of Shuler held by Martell, and a list of exemptions was appended to the order. No appeal of that order, of the default judgment, or of the August 1988 final judgment against Martell is found in the record. The only issue before the bankruptcy court pertained to the scope of the debtor's estate at the time of the bankruptcy filing; in finding error in the state court's prior determination of exemptions from attachment and final judgment removing an item (the Martell debt) from the debtor's estate, the bankruptcy court donned the cloak of an appellate court and exceeded its mandate. The superior court's August 1988 judgment, in

---

**3.** See *supra* note 1.

short, was final and binding on the bankruptcy court on the only issue before it.

The July 3, 1990 order of the bankruptcy court is REVERSED. The matter is REMANDED for proceedings consistent with this opinion.