## J & B INTERNATIONAL TRUCKS, INC. v. Martin R. BESSETTE, et al.

[639 A.2d 1390]

No. 93-133

February 1, 1994. Martin Bessette appeals a superior court ruling that a judgment lien underlying a foreclosure judgment against him was valid. Bessette asserts that real estate subject to a judgment lien must be specifically identified, citing *Spaulding v. Cahill*, 147 Vt. 273, 275, 514 A.2d 714, 715 (1986) (real estate subject to prejudgment attachment lien must be sufficiently identified to inform defendant and those with whom he may deal that the property is attached). We affirm.

In 1985, J & B obtained a $10,000 judgment against Bessette. Several months later, J & B recorded the judgment order in the Milton Land Records, thereby creating a judgment lien against Bessette's property in Milton. 12 V.S.A. §§ 2901–2905. In

1993, J & B obtained a judgment of foreclosure on Bessette's real estate after his default.

12 V.S.A. § 2904 sets forth the proper method to record a judgment lien: "Recording shall consist of filing a copy of the judgment with date when it became final, certified by the clerk of the court issuing the judgment" and must be within eight years from the date the judgment becomes final. The statute requires no more. Where the meaning of a statute is plain on its face, this Court will enforce the statute according to its terms. *Burlington Elec. Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 335–36, 576 A.2d 450, 452 (1990). J & B complied with the requirements of § 2904, and its judgment lien against Bessette's real estate was valid.

We need not address the issue of attorney's fees because Bessette never raised the issue below. *Lanphere v. Beede*, 141 Vt. 126, 129, 446 A.2d 340, 341 (1982) (matters raised for the first time on appeal are not considered on appellate review). Bessette did not object to the clerk's accounting in the trial court.

*Affirmed.*