In re DALY & SINNOTT LAW CENTERS PLLC, Debtor.

John R. Canney, III, Trustee, Plaintiff,

v.

Andrew Capoccia, Howard Sinnott, Thomas J. Daly, Shirley Dinatale, Rodger Kolsky, Carol Capoccia, Carlo Spano, Eugene A. Bizzarro, and Debt Settlement Associates, Ltd., Defendants.

Bankruptcy No. 03–10011.
Adversary No. 03–1014.

United States Bankruptcy Court.
D. Vermont.

April 17, 2003.

Christopher O'C. Reis, Esq., Robert Reis, Esq., Webber, Reis, Holler & Urso, LLP, Randolph, VT, for Chapter 7 Trustee.

E. Lisa Tang, Esq., Of Counsel, Feeney, Centi & Mackey, Albany, NY, for Defendants Andrew Capoccia, Carol Capoccia and Eugene A. Bizzarro.

### MEMORANDUM OF DECISION ON TRUSTEE'S MOTION FOR WRITS OF ATTACHMENT AND TRUSTEE PROCESS

COLLEEN A. BROWN, Bankruptcy Judge.

On March 19, 2003, the Chapter 7 Trustee (hereafter, "the Trustee") filed a motion seeking (i) an *ex parte* order of attachment pursuant to V.R.C.P. Rule 4.1 and Fed. R. Bankr.P. Rule 7064 and (ii) an *ex parte* trustee process order pursuant to V.R.C.P. Rule 4.2 and Fed. R. Bankr.P. Rule 7064. For the reasons set forth in the Order dated March 24, 2003, the Court denied relief on an *ex parte* basis and directed the

Trustee to supplement the motion with a precise description of the property he sought to attach and of the trustee process which he sought to enforce, if he wished to proceed with a motion on notice. The Trustee filed a motion dated March 25, 2003, seeking an order of attachment and trustee process on notice (hereafter, "the Motion") (doc. # 14) and a hearing was held on April 7, 2003. Counsel representing defendants Carol Cappocia, Andrew Capoccia and Eugene Bizzarro (hereafter "Defendants' Counsel") filed papers in opposition to the Motion and appeared at the hearing. None of the other defendants responded to the Motion.

This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

Pursuant to Fed. R. Bankr.P. Rule 7064, pre-judgment relief such as attachment and trustee process is available under the circumstances and in the manner provided by the law of the state in which the federal case is pending. Vermont law, therefore, determines the criteria which must be met in this proceeding in order for pre-judgment attachment and trustee process to be authorized. Applying the relevant provisions of V.R.C.P. Rule 4.1, the Court holds that, in order to obtain an attachment order in this proceeding, the Trustee must demonstrate: (1) a reasonable likelihood that he will recover judgment in this adversary proceeding; (2) that the defendant does not have a bond or other insurance sufficient to cover the anticipated amount of judgment; and (3) that there is a clear danger—shown by specific facts—that the attachable property will be sold to a *bona fide* purchaser, removed, concealed, damaged or destroyed by the defendant. *See* V.R.C.P. Rule 4.1(b)(2) and (4). All three components of this burden of proof must be met as to each defendant against whom

the Trustee seeks an order of attachment. The Trustee's burden to obtain an order authorizing trustee process is identical. *See* V.R.C.P. Rule 4.2.

The Second Circuit Court of Appeals has emphasized the unusual nature of this relief and the importance of courts insisting upon careful and thorough demonstration of the necessary elements of proof. *See, e.g., Brastex Corp. v. Allen Intern., Inc.*, 702 F.2d 326 (2d Cir.1983). Affirming the district court, the Second Circuit quoted the lower court's instruction: " 'We all know the Supreme Court has indicated that attachment is a drastic remedy and one not lightly to be given.' " *Id.* at 328. The Second Circuit went on to instruct that "since attachment is an extraordinary remedy created by statute in derogation of common law, the provision should be strictly construed in favor of those against whom it is employed." *Id.* at 332 (citing *Siegel v. Northern Boulevard & 80th St. Corp.*, 31 A.D.2d 182, 183, 295 N.Y.S.2d 804, 806 (1st Dep't 1968)).

In assessing whether the Trustee has met his burden of proof, the Court will divide its analysis between two categories of defendants: those against whom the Trustee presented evidence at the April 7th hearing and those against whom he presented no evidence at the hearing.

## A. Reasonable Likelihood of Success on the Merits of the Complaint Regarding Defendants Against Whom No Evidence Was Introduced

At the April 7th hearing, the Trustee did not introduce any evidence with regard to the likelihood of success on the merits *vis a vis* defendants Howard Sinnott, Thomas J. Daly, Shirley Dinatale, Rodger Kolsky, Carlo Spano or Eugene A. Bizzarro. Therefore, the Court finds the Trustee failed to meet the V.R.C.P. Rule 4.1 and Rule 4.2 criteria for attachment or trustee

process against these defendants, and that there is no record upon which to find that the Trustee has a reasonable likelihood of success on the merits of the Complaint as against these defendants.

At the conclusion of the hearing, counsel for Eugene Bizzarro moved for dismissal of the Trustee's Motion as to Mr. Bizzarro. Finding there had been no testimony at the hearing with respect to the likelihood of success on the merits regarding Mr. Bizzarro, and being informed by Trustee's counsel that the assets of Mr. Bizzarro were not the ones that were most at risk, the Court granted the motion.[1]

### B. Reasonable Likelihood of Success on the Merits of the Complaint Regarding Andrew Capoccia and Carol Capoccia

■ The Trustee did introduce evidence against defendants Carol Cappoccia, Andrew Capoccia, and Debt Settlement Associates, Ltd. (hereafter, "DSA"). However, the Trustee's efforts to build the necessary evidentiary record were disorganized, inconsistent with the Federal Rules of Evidence and, ultimately, unsuccessful. The

Trustee's efforts reflected inadequate preparation to build the necessary evidentiary record[2] and were handicapped by a very vague Complaint.

The documents the Trustee was able to admit into evidence came in through two witnesses, Mr. Brian Keith, a former employee of the Debtor, and John R. Canney, III, Esq., the case trustee. The evidence admitted was limited to bank statements of the Debtor during the time of Mr. Keith's employment with the Debtor, two promissory notes between the Debtor and DSA, and the papers filed in the instant adversary proceeding and the civil forfeiture action pending before the United States District Court for the District of Vermont, entitled *United States of America v. Contents in Account No. 059–644190–69, in the name of or for the benefit of Carol Capoccia, LLC, at Prudential Securities, et al.*, including a federal indictment against the instant defendants. During his testimony, the Trustee asserted that he had seen documents prepared by the Department of Justice ("DOJ") which showed that the DOJ had evidence to support the allegations raised in the Trustee's Com-

---

1. The Trustee's counsel opposed the motion to dismiss against Defendant Bizzarro on the ground that there were allegations against Mr. Bizzarro in the federal indictment upon which the Court could rely to find a reasonable likelihood of success on the merits against that defendant in the adversary proceeding. However, Trustee's counsel acknowledged that this was indirect evidence. The Court ruled that the burden was on the Trustee to prove the "reasonable likelihood" element, and that mere submission of the indictment for the Court's review was not sufficient to establish the Trustee's burden.

2. The Court took several recesses in order to give the Trustee an opportunity to copy, organize and show opposing counsel exhibits. Moreover, more than once, Trustee's counsel apologized for his failure to have the witnesses or documents he needed in order to

gain admission of documents that would more thoroughly address certain components of his burden. However, Trustee's counsel had no response to the Court's inquiry about why the Trustee had not acquiesced to, or joined, the motion by Defendants' Counsel to adjourn the April 7th hearing to a later date so he could more thoroughly prepare. Typically, time is of the essence in these motions for pre-judgment remedies. Here, however, by virtue of the district court's forfeiture order, the United States government has frozen all of the assets sought in this proceeding. Moreover, the forfeiture order will continue until at least the end of April 2003. *See United States of America v. Contents in Account No. 059–644190–69, in the name of or for the benefit of Carol Capoccia, LLC, at Prudential Securities, et al.*, 253 F.Supp.2d 789 (D.Vt.2003), and order (D.Vt. Apr. 15, 2003).

plaint against defendants Andrew Capoccia, Carol Capoccia and DSA. This testimony might have served as the basis for establishing a reasonable likelihood of success on the merits *if* the Trustee had connected how the documents he had seen and a conviction on the referenced counts of the federal indictment against the defendants would establish particular causes of action raised in the Complaint against each of these three defendants.

In addition to having very little admissible proof at the hearing, the Trustee had only a barebones complaint to reference in attempting to meet his burden. For example, in his state law cause of action for fraudulent conveyance, it is not clear whether the Trustee is seeking judgment under 9 V.S.A. § 2285 *et seq.* (for which there is a 1–year statute of limitation for general fraud and a 4–year statute of limitation for intentional fraud) or under Vermont common law. The Complaint does not cite any statutory reference other than in Count 1, where the Trustee articulates that he is seeking relief under 11 U.S.C. § 548. As Defendants' Counsel accurately pointed out, there was not a scintilla of evidence presented to demonstrate scienter. Therefore, for purposes of the attachment and trustee process hearing, the Court finds that the Trustee is not prosecuting an intentional fraud claim. This places the largest alleged transfers beyond the scope of this cause of action.[3]

Further, the Complaint contains eight causes of action, and the Trustee did not present his evidence in a way that linked each element of the evidence to a particular cause of action. Since it is the Trustee's burden to create a record demonstrat-

ing a likelihood of success against each defendant on each particular cause of action, this approach further impeded the Trustee's ability to prevail. The first seven causes of action seek a monetary judgment and will be analyzed in the context of the Trustee's burden of proof as to each of the three defendants against whom evidence was introduced. (The eighth cause of action seeks declaratory relief and is presumed to be irrelevant to the orders sought in the instant Motion.)

*(i) Cause of Action # 2 [§ 548 Fraudulent Conveyance], and Cause of Action # 3 [State Law Fraudulent Conveyance]*

Mr. Keith, the Trustee's first witness, testified that the monies allegedly misappropriated to the defendants were from client escrow accounts. Defendants' Counsel argued that if the funds in question are client funds, then they are not property of the estate pursuant to 11 U.S.C. § 541, and thus would not be subject to recovery under the fraudulent transfer provisions of either the Bankruptcy Code or state law. The Trustee presented no proof that the funds allegedly transferred were property of the estate, nor did he cite any law in his post-hearing memorandum to support his power to avoid transfers by the Debtor of trust funds belonging to another. *See generally, Bear, Stearns Securities Corp. v. Gredd,* 275 B.R. 190, 194–96 (S.D.N.Y. 2002) (instructing that a debtor must have an interest in the property before a trustee can avoid a transfer, and citing *Begier v. Internal Revenue Serv.,* 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990)).

---

**3.** The Trustee introduced Exhibit 1 (as stipulated) and Exhibit 3A to demonstrate there were seven transfers totaling $187,500, from the Debtor's bank accounts to bank accounts of defendant Carol Capoccia. However, even assuming, *arguendo,* that these transfers did occur as alleged, only three of these transfers occurred within one year of the filing of Debtor's bankruptcy petition: (1) a $12,500 transfer on January 9, 2002; (2) a $12,500 transfer on January 23, 2002; and (3) a $37,500 transfer on February 6, 2002.

During his testimony, Mr. Canney read from the indictment certain allegations against defendant Andrew Capoccia with regard to alleged transfers of funds from the Debtor, but there was no evidence admitted or testimony proffered regarding alleged transfers of funds to accounts owned by defendant Andrew Capoccia. Similarly, the Trustee was unable to admit any evidence that transfers from the Debtor's escrow accounts eventually went to accounts owned by defendant Carol Capoccia.

Thus, in light of Mr. Keith's testimony that the funds alleged to have been inappropriately transferred were escrow funds and the lack of any evidence supporting the Trustee's right to avoid these alleged fraudulent conveyances to the Capoccia defendants, the Court cannot, on the current evidentiary record, find that the Trustee has a reasonable likelihood of success on the second or third causes of action against either Andrew Cappoccia or Carol Capoccia.

### (ii) Cause of Action # 7 [Conversion and Theft]

The Trustee read from the federal indictment and referred to some of the Debtor's bank statements, but presented no documentary evidence to substantiate his claim that he is reasonably likely to succeed on the merits of his Complaint against defendants Carol Capoccia and Andrew Capoccia on the conversion and theft cause of action. This cause of action is set forth in the Complaint in just two paragraphs:

25. The plaintiff restates the allegations in paragraphs 1 through 24 of this complaint.

26. The Defendants participated in a scheme, and activities in furtherance of the scheme, to take and divert monies and other property owned by the Debtor (some of such funds may have been trust funds held for the beneficial interest of others) for their own benefit and in furtherance of their scheme and with damages resulting.

The Complaint does not specify the details of the scheme, identify the activities in furtherance of the scheme or itemize the property alleged to have been diverted. The Trustee's use of the federal indictment and bank statements did little to elucidate the Trustee's claims and together are not sufficient to demonstrate that the Trustee is likely to succeed on his claim of conversion and theft. Limited by the rather nebulous allegations of the Complaint and dearth of evidence presented at the hearing on this cause of action, the Court cannot find that the Trustee has developed a sufficient record to show that he is reasonably likely to recover judgment against either Andrew Capoccia or Carol Capoccia on Count 7 of the Complaint.

### (iii) Cause of Action # 1 [Breach of Fiduciary Duty], Cause of Action # 4 [Negligence]. Cause of Action # 5 [Punitive Damages] and Cause of Action # 6 [Piercing the Corporate Veil]

The Trustee did not present any evidence as to the duty owed by either of the Capoccia defendants to the Debtor nor as to the relationship between these defendants and the Debtor. *See, e.g., Association of Haystack Property Owners, Inc. v. Sprague,* 145 Vt. 443, 447–48, 494 A.2d 122, 125 (1985) (recognizing that a breach of fiduciary duty cause of action depends on the establishment of a fiduciary duty owed); *see also, e.g., Langle v. Kurkul,* 146 Vt. 513, 516, 510 A.2d 1301, 1303 (1986) (stating the four requirements for a negligence cause of action are duty owed, breach of duty, proximate cause, and damages; and instructing that where no duty

is found, no cause of action exists). With no specific facts alleged in the Complaint, and no evidence presented at the hearing, to establish these prerequisites for a breach of duty cause of action, the Court does not have sufficient evidence before it to find that the Trustee has demonstrated a likelihood of success on the merits of Counts 1, 4, 5, or 6 of his Complaint against either Andrew Capoccia or Carol Capoccia.

### C. Reasonable Likelihood of Success on the Merits of the Complaint Regarding Defendant DSA

*(i) Cause of Action # 1 [Breach of Fiduciary Duty], Cause of Action # 4 [Negligence]. Cause of Action # 5 [Punitive Damages] and Cause of Action # 6 [Piercing the Corporate Veil]*

■ Trustee's Count 1: Breach of Fiduciary Duty is premised on the Trustee's ability to show that DSA had a fiduciary duty to the Debtor, that such duty was breached, and that damages resulted from that breach of duty. *See, e.g., Sprague,* 145 Vt. at 443, 447–48, 494 A.2d 122. The Trustee did not introduce any evidence of any duty which DSA owes to the Debtor. Since the Trustee failed to establish a fiduciary duty by DSA, the Court cannot find that the Trustee has demonstrated a likelihood of prevailing in his claim that DSA breached that duty. Thus, the Court finds there is no reasonable likelihood that the Trustee can succeed on the merits of the first cause of action. Likewise, since the Trustee has failed to establish any duty owed by DSA to the Debtor, there is no basis upon which to make a finding of reasonable likelihood of success against DSA on the negligence cause of action.

See, e.g., *Langle,* 146 Vt. at 516, 510 A.2d 1301.

The record is also devoid of any evidence of conduct by DSA that is willful, egregious or malicious. Therefore, at this stage, the Court cannot make a finding of reasonable likelihood of success regarding Count 5: Punitive Damages.

Similarly, the Trustee has failed to introduce any evidence of conduct that gives cause for piercing DSA's corporate veil.[4] See, e.g., *Agway, Inc. v. Brooks,* 173 Vt. 259, 790 A.2d 438 (2001) (piercing of corporate veil appropriate where it is necessary to prevent fraud or injustice). At this point, without either a proffer of evidence or specific allegations in the Complaint, there is not a sufficient record to sustain a finding that the Trustee is likely to obtain judgment against DSA on the sixth cause of action.

*(ii) Cause of Action # 2 [§ 548 Fraudulent Conveyance]. Cause of Action # 3 [State Law Fraudulent Conveyance] and Cause of Action # 7 [Conversion and Theft]*

■ In order to demonstrate the reasonable likelihood of his success against DSA on Counts 2, 3 and 7, regarding fraudulent conveyance, conversion, and theft, respectively, the Trustee introduced two promissory notes from DSA to the Debtor. The Court finds that these documents, in combination with support for the allegations in the federal indictment as provided by Mr. Canney's testimony, did establish that the Trustee has a reasonable likelihood of success on the merits of these three causes of action against DSA.

---

4. Further, DSA's president, Rodger Kolsky, is not a named defendant. Thus, even if there were a reasonable likelihood of success on the merit on this count, it is not clear who the Trustee seeks to hold responsible for the damages allegedly caused by defendant DSA.

## D. The Two Other Components of the Trustee's Burden

As stated above, in order to obtain an order approving pre-judgment attachment and trustee process under Bankruptcy Rule 7064 the Trustee must establish three prongs of proof against each defendant: (1) that it is reasonably likely he will recover judgment against that defendant in this adversary proceeding; (2) that the defendant does not have a bond or other insurance sufficient to cover the anticipated amount of judgment against it, him or her; and (3) that there is a clear danger—shown by specific facts—that the defendant's attachable property will be sold to a *bona fide* purchaser, removed, concealed, damaged or destroyed by the defendant. *See* V.R.C.P. Rule 4.1(b)(2) and (4); V.R.C.P. Rule 4.2(b)(2).

### (i) Bond or Other Insurance to Pay Judgment

In support of his original *ex parte* motion, the Trustee submitted an affidavit that stated in part:

> I do not believe that there are insurance policies, bonds or assets otherwise available to satisfy amount that may be awarded to the estate in this litigation. I am aware that Mr. Sinnott represented to the Court in Timothy Smyth's chapter 13 proceeding that there was no malpractice insurance available to satisfy claims.

Trustee's Affidavit in Support of *Ex–Parte* Motion at ¶ 3 (doc. # 5). Based on both this affidavit and the lack of objection or rebuttal by the appearing defendants, the Court finds the Trustee has demonstrated that the defendants do not have a bond or other insurance sufficient to cover the anticipated amount of judgment.

### (ii) Clear Danger of Dissipation or Loss of the Attachable Property

The Trustee has created the requisite evidentiary record of a clear danger that the attachable property of this defendant might be dissipated by admission of Carol Capoccia's Declaration in Support of Application for Release of Funds (attached to the Trustee's Affidavit (doc. # 5)). *See* V.R.C.P. Rule 4.1(b)(2) and (4). However, the Trustee has not established any record to sustain this component of his burden of proof as to *any other* defendant.

### (iii) Identification of Attachable Property

The Trustee must identify the property he seeks to attach and affirm that it is property of the defendants named in this lawsuit. *See generally, Spaulding v. Cahill,* 147 Vt. 273, 514 A.2d 714 (1986) (holding that writ of attachment which did not contain description of property was defective). Exhibit 1 attached to the Trustee's Motion (doc. # 14) lists the property the Trustee seeks to attach and/or place under trustee process, and includes the contents of accounts No. 059–644190–69, No. 35–740–093, and No. 325450051868. However, as noted in this exhibit, these accounts are identified as property of Carol Capoccia, LLC, and that LLC entity is not a named defendant in the Complaint or a party to the Motion. Similarly, the content of account No. TBJ967131E6 is identified as property of Valentino Enterprises, Inc., and this corporate entity is not a named defendant in the Complaint or Motion either. Thus, even if the Trustee were able to establish the evidentiary record necessary for pre-judgment attachment and trustee process, these assets would not be available to satisfy a judgment entered in the instant adversary proceeding.

### E. Conclusion

The schedules in this case disclose approximately 19,000 consumer creditors who claim funds due from the Debtor's various law firms. During oral argument on another motion in this case, the U.S. Attorney asserted that the DOJ's scrutiny of the Debtor's records indicates that even if the government prevailed in the extensive forfeiture action currently pending, the amount necessary to provide restitution to the Debtor's prior clients could exceed the amount available by as much as $4 million. Since it appears that the only other likely source of money to satisfy claims of former clients is the bankruptcy estate, there are particularly compelling public policy reasons to locate and protect funds that could be used to satisfy a judgment entered in this adversary proceeding.

However, the controlling statues and case law prohibit this Court from granting pre-judgment attachment unless the Trustee creates an evidentiary record establishing: (1) a reasonable likelihood that he will succeed on the merits of his Complaint; (2) the defendants lack a bond or insurance to protect the Trustee's right to collect judgment; and (3) there is a genuine risk of dissipation or loss of the attachable property. The Trustee has failed to produce the evidentiary prerequisites for pre-judgment attachment and trustee process against any of the defendants. The Trustee has shown a reasonable likelihood of success on the merits against DSA and that DSA lacks a bond or insurance, but failed to prove risk of dissipation of assets against that defendant. The Trustee has proved that defendant Carol Capoccia lacks a bond or other insurance to pay a judgment and that there is a risk that her assets might be dissipated if not attached, but failed to prove that he is likely to succeed on the merits of his Complaint against her. The evidence the Trustee presented against defendant Andrew Capoccia was insufficient to establish either reasonable likelihood of success on the merits or risk of dissipation. Finally, the Trustee did not offer any evidence on likelihood of success on the merits or risk of dissipation of asset against defendants Howard Sinnott, Thomas J. Daly, Shirley Dinatale, Rodger Kolsky, Carlo Spano or Eugene A. Bizzarro.

Consequently, based upon the current record, the Trustee's motion must be denied *in toto*. This Memorandum constitutes the Court's findings of facts and conclusions of law.